THIS OPINION IS A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

al

Mailed:  July 6, 2009

Cancellation No. 92048667

Jules Jurgensen/Rhapsody, Inc.

v.

Peter Baumberger

**Before Seeherman, Bucher, and Cataldo,**
**Administrative Trademark Judges.**

**By the Board:**

This case now comes up for consideration of respondent's motion (filed April 7, 2009) to strike the testimony of petitioner's president, Morton Clayman.  The motion is fully briefed.

According to the record, on March 4, 2009, the opening day of petitioner's main testimony period, petitioner first served respondent with notice that it intended to take the testimony deposition of Mr. Clayman and would rely on such testimony at trial.  The testimony deposition of Mr. Clayman took place on March 18, 2009.  Respondent's counsel attended via telephone and cross-examined the witness under protest, reserving the right to object to Mr. Clayman's testimony on the ground that neither his identity as a witness nor the

substance of his testimony was disclosed to respondent prior to the opening of trial.

In support of his motion, respondent argues that petitioner failed to identify Mr. Clayman as a witness in its initial disclosures;[1] that petitioner also failed to identify Mr. Clayman as a witness in its pretrial disclosures; that such failure has "seriously prejudiced Respondent's defense of this action"; and that, therefore, the Board should strike the testimony of Mr. Clayman in its entirety.

In response, petitioner contends that Mr. Clayman is the "sole witness testifying on behalf of Petitioner" and "his testimony is critical to Petitioner's case"; that despite the fact that respondent did not take Mr. Clayman's deposition prior to trial, he was given an opportunity to cross-examine Mr. Clayman during the testimony deposition and the scope of such cross-examination covered "a wide range of topics and far exceeded the scope of the direct examination"; that respondent was aware of the existence of Mr. Clayman prior to the testimonial deposition of March 18, 2009 "but never once inquired about his availability for

---

[1] A party need not, through its mandatory initial disclosures, identify particular individuals as prospective trial witnesses, per se, but must identify "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses."  See Fed. R. Civ. P. 26(a)(1), made applicable to this proceeding by Trademark Rule 2.116(a).

deposition";[2] and that respondent had "full knowledge of the high likelihood that Mr. Clayman would testify for the Petitioner."

In reply, respondent argues that it relied on petitioner's lack of disclosure of witnesses to indicate that petitioner intended to introduce only documentary evidence at trial and not witness testimony and that it would have "considered different discovery and trial strategies had Petitioner disclosed Mr. Clayman's identity."

Trademark Rule 2.121(e) provides, in pertinent part,

> no later than fifteen days prior to the opening of each testimony period … the party scheduled to present evidence must disclose the name and, if not previously provided, the telephone number and address of each witness from whom it intends to take testimony, or may take testimony if the need arises, general identifying information about the witness, such as relationship to any party, including job title if employed by a party, or, if neither a party nor related to a party, occupation and job title, a general summary or list of subjects on which the witness is expected to testify, and a general summary or list of the types of documents and things which may be introduced as exhibits during the testimony of the witness ….

Individuals identified through initial disclosures therefore could reasonably be viewed as possible witnesses.

[2] Petitioner recounts "seven times" or instances which demonstrate that respondent "was aware" of Mr. Clayman, including the first time when respondent received the petition to cancel signed by Mr. Clayman and the second time when respondent received the amended petition to cancel which was similarly signed by Mr. Clayman.

Trademark Rule 2.123(e)(3) provides, in part, that if pretrial disclosures are improper or inadequate with respect to a witness,

> an adverse party may cross-examine that witness under protest while reserving the right to object to the receipt of the testimony in evidence. … A motion to strike the testimony of a witness for lack of proper or adequate pretrial disclosure may seek exclusion of the entire testimony, *when there was no pretrial disclosure…*.

(emphasis added). The rule further provides that such a motion to strike the testimony of a witness "will be decided on the basis of all the relevant circumstances."

The requirement for parties to make pretrial disclosures, which are provided for in Fed. R. Civ. P. 26(a)(3), was introduced into Board inter partes proceedings by amendments to the Trademark Rules, and is applicable to all proceedings which commenced on or after November 1, 2007.[3] *See Notice of Final Rulemaking, Miscellaneous Changes to Trademark Trial and Appeal Board Rules*, 72 Fed. Reg. 42242 (Aug. 1, 2007). Such disclosures allow parties to know prior to trial the identity of trial witnesses, thus avoiding surprise witnesses. See *id*. at 42257-58. These disclosures require that a party, in advance of the presentation of its testimony, inform its adversary of the names of, and certain minimal identifying information about,

---

[3] The instant proceeding was filed on December 26, 2007.

4

the individuals who are expected to, or may, if the need arises, testify at trial. See *id.* at 42257.

Petitioner's pretrial disclosures were due on February 16, 2009. Respondent alleges that petitioner failed to serve pretrial disclosures on respondent, but that on March 11, 2009, petitioner served a list of several documents it had produced which respondent construed as "a sort of Pretrial Disclosure."[4] Respondent asserts that petitioner never identified Mr. Clayman as a potential witness in that list of presumptive "pretrial disclosures." Petitioner does not deny these allegations in its responsive brief. Respondent further asserts that petitioner failed to identify Mr. Clayman as a witness in its initial disclosures. Respondent asserts that it only learned of petitioner's intent to call Mr. Clayman when it received notice of his testimony deposition on or about March 4, 2009. Petitioner has provided no explanation as to why it did not identify Mr. Clayman as a knowledgeable individual in initial disclosures or as a witness in pretrial disclosures.

Under the amended Trademark Rules applicable to this proceeding, petitioner was required to name in its pretrial disclosures any witness, including Mr. Clayman, from whom it

---

[4] The list was actually served after the opening of petitioner's main testimony period and therefore cannot actually be viewed as a pretrial disclosure.

intended to take testimony, or even might take testimony if needed. Petitioner's assertion that Mr. Clayman's testimony is "critical" to its case indicates that petitioner very likely intended to depose this witness at trial, and certainly should have considered him a possible witness. Given this statement, it is also surprising that Mr. Clayman was not identified in petitioner's initial disclosures, and we must consider this fact as one of the relevant circumstances to be considered in determining whether to strike Mr. Clayman's testimony deposition. That is, petitioner's failure to identify Mr. Clayman in its initial disclosures deprived respondent of the opportunity to seek discovery of Mr. Clayman.

Petitioner's arguments as to why Mr. Clayman's testimony should now be considered are not persuasive. Petitioner failed to comply with the rules or to provide a satisfactory explanation as to why it did not comply with them. Petitioner's contention that any prejudice to respondent was due to respondent's own inaction, in that respondent failed to depose Mr. Clayman during discovery, and is not due to any action by petitioner, is not well-taken. Petitioner's further assertion that respondent "was aware of Mr. Clayman" prior to petitioner's taking of his testimony deposition through such actions as Mr. Clayman's signing the petition to cancel cannot substitute for

6

petitioner's disclosing Mr. Clayman as a witness. Cf. Trademark Rule 2.121(e) ("Pretrial disclosure of a witness under this subsection does not substitute for issuance of a proper notice of examination under § 2.123(c) or § 2.124(b)."), which illustrates that a pretrial disclosure is an independent requirement of the rules and not one that can be ignored simply because some information about a testifying individual may be known by the adverse party or parties. While Rule 2.121(e) contemplates that the telephone number and address of a witness (i.e., contact information) may previously have been provided to the party or parties receiving a disclosure and, therefore, need not be repeated, the disclosure of the name of each prospective witness still must be made, along with identifying information, a summary of subjects on which the witness will or may testify and a summary of the types of documents or exhibits that will or may be introduced during the testimony.

After considering the relevant circumstances, we find that petitioner has not complied with Trademark Rule 2.121(e), and has not provided a satisfactory explanation for failing to comply with that rule. Because Mr. Clayman is the type of surprise witness that pretrial disclosure practice is intended to discourage, respondent's motion to

strike is hereby granted.  The testimony of Mr. Clayman in its entirety is hereby stricken.[5]

Due to the delay in handling this motion, the Board finds it appropriate to reset the remaining dates as follows:

| | |
|---|---|
| Defendant's Pretrial Disclosures | **7/24/2009** |
| Defendant's 30-day Trial Period Ends | **9/7/2009** |
| Plaintiff's Rebuttal Disclosures | **9/22/2009** |
| Plaintiff's 15-day Rebuttal Period Ends | **10/22/2009** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days of completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

---

[5] Petitioner is reminded that it cannot use its rebuttal period to submit testimony that is properly part of its case in chief. See Trademark Rule 2.121(b)(1) and *Wet Seal Inc. v. FD Mgmt. Inc.*, 82 USPQ2d 1629 (TTAB 2007).